GEO. W. McMINN *v.* JULIA A. FREEMAN, Exec'x, &c.

The purchaser of a bond from one who is not an agent of the obligee, but to whom the bond had been given for the purpose of handing it to a lawyer for collection, acquires no interest therein, and cannot maintain an action for its recovery.

CIVIL ACTION tried before *Cannon, J.,* at Spring Term, 1872, of the Superior Court of HENDERSON county.

The plaintiff brought suit on a note given by the testator of the defendant to one Frances Bane for $100, in a Justice's Court, from whence it was carried by the appeal of the defendant, to the Superior Court.

It appeared on the trial, that the plaintiff purchased the note of one J. D. Bane, a son of Frances Bane. The note was not endorsed, either by Frances, or J. D. Bane, though the plaintiff testified that it was his property, and that he gave valuable consideration for it—refusing to state, however, what that consideration was.

Frances Bane swore that the note was her property at the time the plaintiff stated he had purchased it; that at the suggestion of J. D. Bane, her son, she gave it to him to hand to some lawyer in Hendersonville for collection, which he promised to do. She further stated that J. D. Bane was not her agent to sell the note, or dispose of it in any manner, nor was he then, or at any other time, her agent for any purpose; that she never sold nor gave said note to J. D. Bane, and that she had never parted with the title thereto.

His Honor charged the jury, that if they believed Frances Bane, the plaintiff could not recover. Plaintiff excepted.

Verdict and judgment for defendant and appeal by the plaintiff.

No counsel for appellant, in this Court.
*Coleman,* for defendant.

READE, J.   The obligee in the bond sued on, delivered it to her son to deliver to a lawyer for collection; and the plaintiff says he bought it of the son, and he now holds it without endorsement.   The question is, did the plaintiff acquire any title to the bond or any right to maintain an action on the same?

Before the adoption of the Code, we suppose no one would have ventured the action.   The Code, however, requires the "real party in interest" to sue.   And if the plaintiff could show that he had any interest in the bond, he could maintain the action without an endorsement of the bond to him. But he has no interest whatever in the bond.   The son was not an agent to sell the bond, but simply to hand it over to a lawyer for collection.   He was not the agent of the obligee to act for her generally; if he had been, there would have been some grounds for the plaintiff's claim.   But he was agent for a special object only, and his powers were limited by his instructions.   Story on Agency, 126.

There is no error.

PER CURIAM.                         Judgment affirmed.